No. 850

AKRON (City) v. PENHORWOOD

Ohio Appeals, 9th District, Summit County
No. 647.   May 25, 1923

**259. MUNICIPAL LAW.**

**Pedestrian crossing street at place other than crossing held not negligent.**

WASHBURN, J.

### Epitomized Opinion

Action for damages by plaintiff who walked diagonally across a street in defendant city outside the space usually marked as a cross-walk and stepped into a hole in the street which had been there a long time and which was filled with snow. Verdict and judgment for plaintiff. Defendant prosecuted error. Held:

There was no error in the charge to the jury that a pedestrian has a right to cross a street wherever he chooses. His crossing at a place where no street crossing is provided is not negligence as a matter of law. The verdict is not manifestly against the weight of the evidence. Judgment affirmed.

Attorneys—H. M. Hagelbarger, Dir. of Law, C. T. Moore, Asst. Dir. of Law, for City; Herberich, Burroughs & Bailey, for Penhorwood.

---

No. 851

STATE v. KINER

Ohio Appeals, 2d District, Franklin County
No. 1066.   Decided Oct. 20, 1923

**278. OFFICERS.**

**Petition that charges irregularity in issue of vouchers states a cause of action against county treasurer for violation of GC. 2921.**

ALLREAD, J.

### Epitomized Opinion

This was an action brought by the prosecuting attorney of Franklin county under 2921 GC. to recover the amount of certain warrants issued by a former treasurer payable to himself and which amount he withheld from the county treasury. The petition alleged that the defendant, Kiner, procured the county commissioners to pass a certain resolution for the employment of tax collectors, and that said resolution recited that the delinquent tax list had been publicly read as provided by law, which was false The petition also averred that the defendant purporting to act under this resolution had drawn certain warrants in his own favor and withheld from the treasury the amounts thereof. A demurrer was sustained to the petition upon the ground that no cause of action was set forth. In reversing the judgment of the lower court, the Court of Appeals held:

1. The issuing of the vouchers by the treasurer in his own favor was an irregularity even though the treasurer acted upon the authority of the resolution, and placed upon him the burden of explanation, and therefore the demurrer must be overruled.

Attorneys—John King, prosecuting attorney, for plaintiff; Vorys, Sater, Seymour & Pease, for defendant.